## C. B. BLAND v. THE STATE.

No. 17617.   Delivered June 28, 1935.
Rehearing Denied October 16, 1935.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of two bales of cotton from the possession of M. A. Richards, punishment assessed at two years in the penitentiary.

An opinion of affirmance was delivered June 12, 1935, which fails to take note of three bills of exception found in the record, the same having been overlooked by reason of the fact that in indexing the transcript the clerk did not index them as bills of exception, but under others names.   This is called to our attention in the motion for rehearing filed by appellant.   The original opinion will, therefore, be withdrawn and the following substituted therefor.

Richards had two bales of lint cotton in a vacant lot near his home in the town of Paducah, Texas. Attached thereto were certain identification numbers. On July 31st, 1934 these two bales of cotton were stolen. There was evidence showing that on the following morning these two bales of cotton were found in the possession of appellant, loaded on a trailer which was attached to a car registered in appellant's name. Appellant did not testify as a witness in his own behalf. His mother, wife, and brother testified that he was at home on the night of the alleged theft and the following day. The wife testified that a few days before the alleged theft appellant had loaned his automobile to one Pierce.

Appellant's motion for new trial was overruled on the 14th day of December. No order was made granting additional time for the filing of statement of facts and bills of exception. The statement of facts was filed within ninety days and may be considered under the provisions of sub-division 5 of Art. 760, C. C. P. An attempt was made to extend the time for filing bills of exception. It is doubtful if the bills should be considered at all, but we have considered them and find they present no error.

The first bill relates to the refusal of a continuance based upon the absence of the witness Barton. No process had ever been issued for this witness, but appellant asserts in his application that he promised to be present at the trial and would have been present, but was in the hospital where he had undergone an operation. The qualification to the bill shows that appellant's bond had been forfeited and that he had neglected to make any preparations for the trial, and that when he was arrested under the alias capias he was, in the language of the qualification, "* * * running loose in utter disregard of said criminal case, of the setting thereof, and of his bond, * * *"

The second bill of exception relates to a request of appellant to strike from the record the testimony of the witness Wilson. The qualification to the bill shows that the court was correct in declining to grant appellant's request.

The only other bill of exception in the record relates to the claimed insufficiency of the evidence. The State's case showed appellant in the unexplained possession of recently stolen property, and was sufficient upon which the jury might predicate their verdict. We see no ground upon which the claim of insufficiency of the evidence can be sustained.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents an urgent motion for rehearing, insisting that the testimony is insufficient to show him guilty of the offense charged. He says that nothing in the record supports any claim on his part of ownership in the alleged stolen cotton at the time same was found in his possession and that of another party, if such be the case.

We have again carefully gone through the facts in the light of appellant's motion. The two bales of cotton alleged to have been stolen were taken on the night of July 31st from Paducah in Cottle county, Texas. The number of the government tag upon said two bales of cotton was in evidence without dispute. A witness testified that the next morning in Quanah in Hardeman county, Texas, evidently some forty or fifty miles from Paducah, at between 7:30 and 8 o'clock A. M. he observed a two wheel trailer pulled by a maroon colored sedan containing two bales of cotton. Witness said that the trailer was black with red stripes on the wheels. Witness made an examination and the government tags on the two bales of cotton in said trailer were identical in number with the tags on the two bales of cotton lost in Paducah the night before. This witness also testified that the license number of the maroon colored Chevrolet car was 932-515.

Another witness testified that he lived in Chillicothe, Texas, which is also in Hardeman county, some fifteen or twenty miles farther from Paducah than is Quanah. This witness said he and witness Edwards worked at the same place on August 1st, and that this appellant was at his place about 10 o'clock on the morning of August 1st,—same being the day after the loss of the cotton in Paducah. He said appellant was in a Chevrolet maroon sedan, and that a two wheel trailer was attached to it, which trailer he described as being black and having red disc wheels. He said there were two bales of cotton in the trailer, and that appellant came up to Chillicothe on the road leading from Quanah; and left the cars and the cotton and went up town and stayed about an hour and came back, and asked where the compress was. Some days after this occurrence Mr. Payne, sheriff of Cottle county, brought two men over there in a maroon Chevrolet just like the car he had observed, and that it had a trailer attached to it. Mr. Edwards testified that he was in Chillicothe at the same place as the preceding witness on the morning of August 1st and saw two men come up in a maroon Chevrolet car to which was attached a two

wheel trailer, and that they had two bales of cotton in the trailer. One of these men was a low man and other tall. He identified the tall man as this appellant. He said they went away and left the cars and the cotton, and came back later, and that he asked them "What do you say?" and that the tall one said "Can't say nothing; I couldn't sell *my* cotton." This tall man was appellant. Mr. Payne, the sheriff of Cottle county, testified that when he arrested appellant he had a maroon colored Chevrolet, and that witness found a car license No. 932-515 inside the car at the time of such arrest, and that there was another and different number on the outside of the car, the latter being a Childress number. Childress, Childress county, Texas, is some distance from Quanah and Paducah.

We think the testimony amply sufficient to justify the conclusion of guilt, and that the motion for rehearing should be overruled, and it is accordingly so ordered.

*Overruled.*